IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARROLL J. KEAR,

        Plaintiff,

vs.   Case No. 06-1234-JTM

BOARD OF COUNTY COMMISSIONERS
OF SEDGWICK COUNTY, KANSAS,

        Defendant.

MEMORANDUM AND ORDER

Defendant, Sedgwick County, Kansas ("the County") filed the present motion on January 14, 2007 (Dkt. No. 17), for an order to partially dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). For the following reasons, the court grants in part and denies in part defendant's motion.

*I.  Factual Background*:

In her complaint, plaintiff, Carroll Kear, alleges a violation of 42 U.S.C. § 12101 *et. seq.*, the Americans With Disabilities Act ("ADA"). Plaintiff alleges that she filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and received a "right to sue" letter from the agency prior to her filing the present action. In her complaint with the Kansas Human Rights Commission ("KHRC") filed on April 6, 2005, plaintiff alleges:

> Alleged Date of Incident, on or about October 2004, to at least March 19, 2005.

>The aforesaid charges are based on the following facts:
>
>I. I am disabled.
>
>II. I have been employed by the Respondent since July 28, 2003. I currently hold the position of Office Specialist.
>
>A. In October 2004, I was subjected to a written reprimand due to using the Family Medical Leave Act.
>
>B. On January 10, 2005, I was involuntarily transferred to the OPS department which did not comply with my restrictions.
>
>C. On January 10, 2005, and January 18, 2005, my requests for a re-evaluation of my work space and position due to my restrictions were denied.
>
>D. On May 19, 2005, I received a letter stating that I was involuntarily being placed on the Family Medical Leave Act until April 22, 2005, at which time, I would be terminated.
>
>III. I hereby charge Comcare of Sedgwick County and its Representatives with a violation of the Kansas Act Against Discrimination, in that, I was reprimanded, transferred, denied a reasonable accommodation, and involuntarily placed on the Family Medical Leave Act and terminated due to my disability.

Defendant's Exhibit 1. Additionally, plaintiff's EEOC complaint incorporated the factual allegations of her KHRC complaint. Therefore, plaintiff properly filed with both administrative agencies.

Following plaintiff's filing of her complaint, a telephone status conference was held on March 13, 2007 before the Honorable Donald W. Bostwick. As part of the status conference, Judge Bostwick determined that by March 30, 2007, plaintiff shall either file an amended complaint or a response to defendant's partial motion to dismiss. On March 23, 2007, plaintiff filed an amended complaint in compliance with Judge Bostwick's order.

The First Amended Complaint reflects that plaintiff removed the allegations contained in the original paragraphs 6(a), 6(b), 6(c), 6(d), and 6(e).

The present issue for consideration is whether the court should allow plaintiff to proceed with claims and theories of recovery which were not included in her administrative charge.

*II.  Standard of Review*:

For purposes of resolving a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff. *See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10th Cir.1999). The court may not grant relief "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir.1997) *(quoting Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)).

*III.  Conclusions of Law*:

Defendant first argues that plaintiff's "record of" and "regarded by" claims in the complaint's first paragraph are not actionable because they were not exhausted administratively.

In plaintiff's First Amended Complaint (Dkt. No. 23), plaintiff alleges that:

> Plaintiff is a resident of Wichita, Kansas, and is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, in that she has a physical impairment that substantially limits one or more major life activities; has a record of such an impairment; and is regarded by her employer as having such an impairment, to-wit: the plaintiff has chronic middle and lower back pain with left lower extremity pain as a result of a failed L5-S1 laminectomy and fusion with spondylolisthesis and wears a TLSO brace, which substantially limits the major life activity of sitting, standing, bending, and working.

3

Plaintiff's First Amended Complaint, ¶ 1.

Specifically, defendant notes that plaintiff's administrative complaints filed with the EEOC and KHRC asserted one of three possible theories regarding her alleged disability, *i.e.*, that she actually had a disability. According to defendant, plaintiff's administrative complaints did not allege that she had a "record of" a prior disability or that she was "regarded by" the defendant as having a disability.

A plaintiff must exhaust administrative remedies before filing a lawsuit under the federal anti-discrimination laws, including the ADA, Title VII, and the ADEA. *Shickles v. Spring/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (ADEA); *Tucker v. Colorado Department of Public Health and Environment*, 104 Fed. Appx. 704, 708 (10th Cir. 2004) (Title VII); *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002) (ADA). Specifically, with respect to the ADA, exhaustion of administrative remedies is a jurisdictional prerequisite to suit in the Tenth Circuit. *McBride*, 281 F.3d at 1105.

The Tenth Circuit in *Martinez v. Potter*, 347 F.3d 1208 (10th Cir. 2003), held that *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), effectuated a fundamental change to the "continuing violation" doctrine concerning unexhausted claims in Title VII actions. In *Martinez*, the court concluded that *Morgan* "abrogate[d] the continuing violation doctrine . . . and replace[d] it with the teaching that each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted. *Martinez*, 347 F.3d at 1210 (citing *Morgan*, 536 U.S. at 114).

For a plaintiff to prove a "record of" claim, she must demonstrate that "(1) the plaintiff has a record of, or has been misclassified as having, (2) a recognized impairment that (3) the

plaintiff 'actually suffered' and that (4) substantially limited (5) a major life activity." *Zwygart v. Bd. of County. Comm'rs of Jefferson County*, Kan., 483 F.3d 1086, 1091 (10th Cir. 2007) (citing *Doebele v. Sprint/United Mgt. Co.*, 342 F.3d 1117, 1129, 1132 (10th Cir. 2003)).

Additionally, a "regarded as" claim results from one of two scenarios: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines*, Inc., 527 U.S. 471, 489 (1999).

Plaintiff has not exhausted her administrative remedies with respect to her "regarded by" and "record of" claims. In her complaint to the KHRC and EEOC, she alleges only that "I am disabled." Defendant's Exhibit 1. Plaintiff is required to exhaust all discrete acts of discrimination before proceeding to the district court. *See Martinez*, 347 F.3d at 1210. Therefore, the court lacks jurisdiction to entertain plaintiff's claims that "she has a record of such an impairment; and is regarded by her employer as having such an impairment." Plaintiff's First Amended Complaint, ¶ 1. For this reason, the court grants defendant's motion to dismiss with respect to these claims. *See McBride*, 281 F.3d at 1105.

Defendant also argues that plaintiff's claims in the original complaint, specifically paragraphs 6(a), (b), (c), and (e) are not actionable because they were not exhausted administratively.

However, plaintiff removed the allegations contained in the original complaint, paragraphs 6(a) through 6(e) in her First Amended Complaint. Therefore, defendant's motion to

5

dismiss with respect to these allegations is moot. The court denies defendant's motion with respect to these allegations.

Defendant also notes that the court should bar any claims that occurred after April 22, 2005, the date on which plaintiff alleges her termination occurred. At the present time, the court will not grant defendant's motion to dismiss on this claim because the court lacks information to conclude whether plaintiff has asserted claims which occurred after April 22, 2005.

Finally, defendant argues that dismissal is appropriate with respect to plaintiff's claim of an October 2004 reprimand because it does not constitute an adverse employment action. Plaintiff's KHRC complaint alleges that: "[I]n October 2004, I was subjected to a written reprimand due to using the Family Medical Leave Act." Defendant's Exhibit 1. However, the court declines to grant defendant's motion to dismiss on this allegation because the court lacks information related to plaintiff's claim, except for the KHRC complaint. See *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 855 (10th Cir.1999) (noting that in resolving a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to plaintiff.).

Defendant's motion to dismiss is therefore granted in part with respect to plaintiff's "regarded by" and "record of" claims.

IT IS ACCORDINGLY ORDERED this 19th day of June, 2007, that defendant's motion to dismiss (Dkt. No. 17) is granted in part and denied in part.

                s/ J. Thomas Marten
                J. THOMAS MARTEN, JUDGE